**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**ANTONIO MICHAEL MAJOR,**
*Plaintiff,*

v.

**MONROE COUNTY SHERIFF'S OFFICE,**
*Defendant.*

**CIVIL ACTION NO.:** 24-cv-10075-KMM

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

FILED BY ___.___ .D.C.

SEP 19 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - KEY WEST

## I. INTRODUCTION

1. Plaintiff, Antonio Michael Major, brings this action against Defendant, Monroe County Sheriff's Office (hereinafter "MCSO"), for race discrimination, retaliation, and other unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act (ADA), and the Florida Civil Rights Act (FCRA).

2. Plaintiff seeks compensatory damages for emotional distress, medical expenses related to the enforcement of a discriminatory grooming policy, punitive damages, attorney's fees, court fees, filing fees, injunctive relief, and other appropriate relief deemed necessary by the Court.

## II. PARTIES

3. Plaintiff, **Antonio Michael Major**, is a Black male, residing at **1657 Reordan Court Apt. 2, Key West, Florida, 33040,** and at all times relevant was employed by Defendant as a Detention Deputy in the Monroe County Sheriff's Office.

4. Defendant, **Monroe County Sheriff's Office (MCSO),** is a governmental entity located in Monroe County, Florida, with its principal place of business at **5501 College Road, Key West, Florida.** MCSO is engaged in law enforcement and, at all relevant times, was an employer as defined by **Title VII of the Civil Rights Act of 1964 (Title VII),** the **Americans with Disabilities Act (ADA),** and the **Florida Civil Rights Act (FCRA).**

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 (federal question) as the claims arise under Title VII of the Civil Rights Act, the ADA, and supplemental jurisdiction over the FCRA claims under 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the discriminatory practices occurred in this judicial district, and Defendant conducts business here.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff has fully exhausted all administrative remedies. On or about **4/25/2023**, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), Charge No. **510-2022-07556**, and received a Notice of Right to Sue dated **June 21, 2024**. This lawsuit is being filed within 90 days of receiving that Notice.

### V. FACTUAL BACKGROUND

8. Plaintiff began working for Defendant in 2016 as a Detention Deputy and has consistently performed his duties satisfactorily. Despite his qualifications, Plaintiff was subjected to discriminatory treatment based on his race and retaliated against for raising complaints about such treatment.

9. **Medical Condition and Discriminatory Grooming Policy**: Plaintiff suffers from a medical condition, **Pseudofolliculitis Barbae**, which is a chronic condition that causes severe skin infections and scarring if shaving is required. Plaintiff submitted a medical opinion in August 2016 exempting him from the grooming policy, specifically the requirement to remain clean-shaven.

10. **Retaliation through Policy Enforcement**: Despite having an exemption on file since 2016, MCSO, through Human Resources, required Plaintiff to provide a **new medical opinion** in June 2023 to maintain the exemption. MCSO threatened Plaintiff with discipline if he did not comply, despite the fact that his condition had not changed and had been well-documented by his physician (Exhibit: Medical Opinion from Keys Dermatology).

11. Plaintiff was forced to seek an updated medical opinion at his own expense, despite the fact that his condition was long-term and permanent. This imposition constitutes an undue burden and retaliation for his previous complaints of discrimination. Such actions by MCSO violate both the **Americans with Disabilities Act (ADA)** and Title VII. Under the ADA, employers are prohibited from requiring unnecessary medical updates where the employee's disability is permanent (*Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795 (1999)).

12. **Policy Changes to Avoid Liability**: In March 2024, MCSO issued a Special Order updating its **Reasonable Accommodation** and **Grooming** policies (Special Orders 24-2 and 24-3). These updates appear to be an attempt to legitimize prior discriminatory practices. While MCSO now purports to offer facial hair accommodations under its revised grooming policy, the sudden update, after Plaintiff's long-standing complaints, indicates an effort to retroactively shield itself from liability. Changes to policies after complaints of discrimination do not negate the harm caused by the prior enforcement of those discriminatory policies.

13. Courts have held that post-hoc policy changes may constitute evidence of pretext for discrimination and retaliation (*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981)). In this case, the policy updates serve to highlight the discriminatory actions taken before these changes were made.

14. **Denied Training Opportunities**: In 2019, Plaintiff was denied the opportunity to attend Line Supervision Training on two separate occasions without valid justification. These denials, made by Capt. Crane and Major Age, were allegedly influenced by Former Capt. Phelps, a known racist (Exhibits 1 and 2).

15. After nearly four years of continuous advocacy, Plaintiff finally completed the Line Supervision Training in May 2023, a delay that evidences intentional obstruction and discriminatory treatment (Exhibit 3).

16. **Denied Promotions**: Plaintiff applied multiple times for a sergeant position and was repeatedly passed over without legitimate explanation. Despite his qualifications and seniority, Plaintiff was bypassed, while a less qualified Deputy, Kenny Miller, was promoted. This promotion occurred despite Plaintiff being tasked with training Miller, which raises concerns of both discrimination and retaliation (Exhibit 5).

17. **Promotion to Sergeant**: On April 29, 2024, Plaintiff was promoted to Sergeant by Sheriff Rick Ramsay. While this promotion may be presented by MCSO as evidence that no discrimination occurred, this promotion followed years of advocacy,

complaints, and legal action. The timing of the promotion indicates it was a strategic decision to shield MCSO from further allegations rather than a genuine recognition of Plaintiff's qualifications.

18. Plaintiff continues to be employed by MCSO, but the discriminatory practices have caused significant emotional distress, professional embarrassment, and the financial burden of securing unnecessary medical documentation. The promotion, though a step forward, occurred under circumstances suggesting it was motivated by legal concerns rather than merit.

## VI. CAUSES OF ACTION

### COUNT I – RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

19. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

20. Defendant discriminated against Plaintiff because of his race by denying him training opportunities, promotions, and subjecting him to a hostile work environment, in violation of 42 U.S.C. § 2000e-2(a).

21. To establish a prima facie case of race discrimination under Title VII, a plaintiff must show: (1) membership in a protected class; (2) qualification for the position in question; (3) an adverse employment action; and (4) that similarly situated individuals outside the protected class were treated more favorably. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Plaintiff has met these elements.

22. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered emotional distress, professional harm, and unnecessary financial burden.

### COUNT II – RETALIATION IN VIOLATION OF TITLE VII

23. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

24. Plaintiff engaged in protected activity by filing complaints of racial discrimination and opposing discriminatory practices at MCSO. In response, Defendant retaliated against Plaintiff by denying him promotions, tampering with his training file, delaying

his professional development, requiring unnecessary medical documentation, and creating a hostile work environment.

25. Under *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), an employee may establish a retaliation claim by demonstrating that he engaged in protected activity, suffered an adverse action, and there was a causal link between the two. Plaintiff meets these criteria.

26. As a result of this retaliation, Plaintiff has suffered significant emotional distress, professional harm, and unnecessary financial burden related to medical expenses.

## COUNT III – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

27. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

28. Defendant violated the ADA by failing to honor Plaintiff's valid and permanent medical exemption from the grooming policy. Requiring Plaintiff to provide updated medical documentation, despite his well-documented chronic condition, constitutes an unnecessary burden and violation of the ADA's prohibition against requesting unnecessary medical information.

29. As a result of Defendant's actions, Plaintiff has suffered emotional distress and incurred financial costs in obtaining an unnecessary medical opinion.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

30. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

31. Defendant's conduct constitutes race discrimination and retaliation in violation of the Florida Civil Rights Act, Fla. Stat. § 760.10, which mirrors Title VII's protections.

32. As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, professional harm, and financial loss as described above.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award Plaintiff compensatory damages for emotional distress, medical expenses, and professional harm;

C. Award punitive damages;

D. Award Plaintiff reasonable attorney's fees and costs;

E. Grant injunctive relief, including but not limited to requiring Defendant to provide equal employment opportunities and reasonable accommodations without undue burdens;

F. Any other relief the Court deems just and proper.

---

## VIII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues triable as of right by a jury.

---

**Dated:** September 19, 2024
**Respectfully submitted,**

**Antonio Michael Major**
**1657 Reordan Court Apt. 2**
**Key West, Florida, 33040**
**(305) 216-3233**
**antoniomajor@hotmail.com**